UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORA M. MAFFEI, Executor of the Estate of Pasqual O. Estrada, | ) ) ) ) | CASE NO. 1:15-cv-364 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) | |
| DEFENDANT. | ) | |

On February 2, 2016, following this Court's denial of defendant's motion to dismiss (*see* Doc. No. 10), defendant filed a motion for reconsideration or, in the alternative, to dismiss for lack of subject matter jurisdiction, a defect defendant admitted it had failed to raise in its motion to dismiss. (Doc. No. 12.) The Court directed plaintiff to file any opposition by February 24, 2016. Instead, on February 23, 2016, plaintiff filed a motion for leave to amend the complaint instanter. (Doc. No. 15.) Defendant opposed this motion. (Doc. No. 16.) For the reasons discussed herein, defendant's motion for reconsideration (Doc. No. 12) is granted, plaintiff's motion for leave to amend instanter (Doc. No. 15) is denied, and this case is dismissed.

## I. BACKGROUND

The "complicated procedural history" of this case was set forth in the January 20, 2016 Memorandum Opinion and Order (Doc. No. 10 ["MOO"]), and the Court will assume familiarity with the more detailed recitation of the factual and procedural history contained in the MOO. What bears repeating is that this case is related to an earlier case filed on August 29, 2012 ("Case 1")[1] that was assigned to Judge Lesley Wells. On February 26, 2014, Judge Wells dismissed

---

[1] *Estate of Pascual O. Estrada, et al. v. U.S. Dep't of Veterans Affairs*, Case No. 1:12-cv-2215.

Case 1, granting defendant's motion to dismiss, which this Court later characterized as "neither clear nor precise." (MOO at 66[2].) Notably, even though defendant had actually sought dismissal of only plaintiff Maffei's personal claims (not those of the plaintiff Estate, for whom Maffei is the Executor) and even though Judge Wells' opinion addressed only Maffei's personal claims, the entire case was dismissed without prejudice. The Estate moved to reopen the case, but, when that motion remained unresolved by Judge Wells, the Estate filed the instant case ("Case 2") on February 25, 2015; it was assigned to Judge Wells as "related" to Case 1. Judge Wells then denied as moot the motion to reopen Case 1. Upon Judge Wells' retirement, Case 2 was reassigned to the undersigned judge. Defendant filed a motion to dismiss, which this Court denied. Defendant then filed for reconsideration, raising arguments that had not been previously raised.[3]

## II. DISCUSSION

**A.     Legal Standard**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co. v. Cont'l Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of a motion to alter or amend judgment is to request reconsideration of

---

[2] All page references are to the page identification number generated by the Court's electronic docketing system.

[3] Throughout both Case 1 and Case 2, neither side has demonstrated any precision in its briefing, seemingly taking a "wait and see" attitude where, if the initial argument is rejected, they are ready to come forward with another. This is even true of the motion for reconsideration, which raises two brand new arguments. Although the Court would ordinarily be inclined to reject new arguments out of hand, the nature of the instant arguments warrants the Court's consideration.

matters "properly encompassed in a decision on the merits." *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989) (quotation marks and citations omitted).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

**B.     Analysis**

Defendant's motion represents that it seeks to correct clear error. It argues two points: (1) that, in a non-employment context, there is no private action for damages against the United States or any of its agencies under the Rehabilitation Act of 1973; and (2) that, in any event, the Court lacks subject matter jurisdiction.[4]

Defendant asserts that it enjoys sovereign immunity, which has not been unambiguously waived, for purposes of damages claims under the Rehabilitation Act. *See Lane v. Pena*, 518 U.S. 187, 200, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996) (Court could not "comfortably conclude" based on the language of the Act, "that Congress intended to subject the Federal Government to awards of monetary damages for violations of § 504(a) of the Act."); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009).

---

[4] Defendant seems to be conflating the concepts of sovereign immunity and subject matter jurisdiction. This Court surely has subject matter jurisdiction over a claim brought under a federal statute such as the Rehabilitation Act. Even so, it cannot adjudicate the claim if the sovereign defendant has not waived its immunity.

Plaintiff does not dispute this. Rather, plaintiff seeks leave to amend the complaint instanter to seek only injunctive, not compensatory, relief. In response, defendant asserts that plaintiff lacks standing to pursue injunctive relief.

Defendant is correct that, as noted in *Lane v. Pena*, *supra*, it has not waived sovereign immunity and is entitled to dismissal of a claim for damages brought under the Rehabilitation Act of 1973. Therefore, the motion for reconsideration (Doc. No. 12) is granted and the case will be dismissed.

Plaintiff's motion to amend is an exercise in futility. Removal of any claim for damages and proceeding solely on a claim for injunctive relief would serve no purpose. The prayer for relief in the proposed amended complaint seeks injunctive orders requiring defendant to put in place equipment and procedures that could not possibly benefit the sole remaining plaintiff – the Estate of Pasqual O. Estrada.[5]

To obtain an injunction, a plaintiff must be threatened with present or future harm; an injunction cannot be based solely on a past wrong. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); *Brown-Dickerson v. City of Philadelphia*, No. 15-4940, 2016 WL 1623438, at *7 (E.D. Pa. Apr. 25, 2016) ("But even if the Estate has standing for damages claims, the Estate must have separate standing to obtain prospective relief and it cannot seek such relief because there is no chance that it or [the decedent] will again suffer the harm complained of. Without a reasonable likelihood of future injury, there is no basis for seeking injunctive relief.").

---

[5] The prayer for relief seeks, in relevant part, (1) an order requiring defendant "to install, maintain, and utilize x-ray tables that are compliant and accommodating to patient's [sic] with disabilities" and enjoining defendant from "utilizing non-compliant and non-accommodating x-ray tables;" and (2) an order requiring defendant's employees "to lift patient's [sic] as required to provide medical care and services" and enjoining defendant "from forcing a patient's family members to lift the patient in order for the patient to receive medical care and services[.]" (Doc. No. 15-1 at 108.)

"A motion to amend a complaint should be denied if the amendment would be futile." *Runyon v. Glynn*, 64 F. App'x 924, 925 (6th Cir. 2003) (citing *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984)).

Accordingly, since amendment of the complaint will serve no purpose, plaintiff's motion to amend (Doc. No. 15) is denied.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion for reconsideration (Doc. No. 12) is granted and, upon reconsideration, defendant's motion to dismiss (Doc. No. 5) is also granted. Plaintiff's motion for leave to amend instanter (Doc. No. 15) is denied.

This case is dismissed.

**IT IS SO ORDERED**.

Dated: July 20, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**